IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EDMONDSON COMMUNITY ORGANIZATION, INC.**, *et al.*<br><br>    Plaintiffs<br><br>v.<br><br>**MAYOR AND CITY COUNCIL OF BALTIMORE**, *et al*.<br><br>    Defendants | Case No. 1:24-cv-01921-BAH |

## ANSWER

One of the Defendants, Tempest LLC ("Tempest"), by and through its attorneys, Aaron D. Neal and McNamee Hosea, P.A., submits its Answer to Plaintiffs' First Amended Complaint, and says:

### *Specific Admissions and Denials*

1. Admitted that title records indicate that a leasehold interest in 2114 Edmondson Avenue was purportedly conveyed to ECO in 1995. Denied as to the remaining averments.

2. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

3. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

4. Admitted.

1

5. Admitted as to the first sentence. Tempest is without knowledge or information sufficient to form a belief as to the remaining averments made in this paragraph and to the extent that a response is required, denied.

6. Admitted that Tempest is a limited liability company. Denied as to the remaining averments.

7. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

8. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

9. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

10. Admitted that tax sales are controlled, in part, by the referenced statutes.

11. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

12. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

13. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

14. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

15. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

16. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

17. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

18. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

19. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

20. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

21. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

22. Denied.

23. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

24. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

25. This paragraph consists of legal conclusions to which no response is required, and to the extent that a response is required, denied.

26. Tempest raises a continuing objection to reference to tax sales as being of "liens" rather than title to property.  For the sake of brevity, Tempest will respond to the remaining averments as if Plaintiffs were properly referring to the tax sales as constituting property sales rather than lien sales.  Subject to that objection, denied.

27. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

28. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

29. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

30. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

31. Denied.

32. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

33. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

34. Denied.

35. Denied.

36. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

37. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

38. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

39. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

40. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

41. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

42. Denied.

43. Denied.

44. Tempest does not know what a "professional tax sale investor" is and thus cannot admit or deny the first sentence. The remainder of this paragraph is denied.

45. Admitted that Tempest paid the stated amount. The remainder of this paragraph is denied.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied. Tempest additionally notes that ECO had significant additional debts with respect to the Property.

54. Denied.

55. Denied.

56. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

57. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

58. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

59. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

60. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

61. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

62. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

63. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

64. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

65. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

66. Denied.

67. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

68. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

69. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

70. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

71. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

72. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

73. Tempest is without knowledge or information sufficient to form a belief as to the averments made in this paragraph and to the extent that a response is required, denied.

74. To the extent that Plaintiffs incorporate other averments into this section by reference, Tempest incorporates its responses to this other averments by reference.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. This paragraph relates to parties other than Tempest, thus no response is required.  To the extent that a response is required, denied.

80. Denied.

81. This paragraph relates to parties other than Tempest, thus no response is required.  To the extent that a response is required, denied.

82. Denied.

83. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

84. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

85. Denied.

86. Denied.

87. Denied.

88. To the extent that Plaintiffs incorporate other averments into this section by reference, Tempest incorporates its responses to this other averments by reference.

89. This claim has dismissed and no response is required. To the extent that a response is required, denied.

90. This claim has dismissed and no response is required. To the extent that a response is required, denied.

91. This claim has dismissed and no response is required. To the extent that a response is required, denied.

92. This claim has dismissed and no response is required. To the extent that a response is required, denied.

93. This claim has dismissed and no response is required. To the extent that a response is required, denied.

94. This claim has dismissed and no response is required. To the extent that a response is required, denied.

95. This claim has dismissed and no response is required. To the extent that a response is required, denied.

96. This claim has dismissed and no response is required. To the extent that a response is required, denied.

97. This claim has dismissed and no response is required. To the extent that a response is required, denied.

98. This claim has dismissed and no response is required. To the extent that a response is required, denied.

99. This claim has dismissed and no response is required. To the extent that a response is required, denied.

100. This claim has dismissed and no response is required. To the extent that a response is required, denied.

101. This claim has dismissed and no response is required. To the extent that a response is required, denied.

102. To the extent that Plaintiffs incorporate other averments into this section by reference, Tempest incorporates its responses to this other averments by reference.

103. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

104. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

105. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

106. This paragraph relates to parties other than Tempest, thus no response is required. To the extent that a response is required, denied.

107. To the extent that Plaintiffs incorporate other averments into this section by reference, Tempest incorporates its responses to this other averments by reference.

108. This claim has dismissed and no response is required. To the extent that a response is required, denied.

109. This claim has dismissed and no response is required. To the extent that a response is required, denied.

110. This claim has dismissed and no response is required. To the extent that a response is required, denied.

### *Defenses*

1. Plaintiffs have failed to state a claim on which relief could be granted.

2. Plaintiffs' claims are barred by the Rooker-Feldman Doctrine, as is set forth in Tempest's motion to dismiss. Plaintiff's requested relief would result in the rulings of the state court being functionally reversed, as the constitutional issues raised herein are inextricably intertwined the merits of the state court action.

3. Plaintiffs' claims are barred by *res judicata*, as is set forth in Tempest's motion to dismiss. Plaintiff's requested relief could and should have been raised in the state court action, as Plaintiff's alleged potential loss was already defined as of the filing of that suit. If that loss gave rise to an unconstitutional taking, the constitutional law issue should have been raised as a defense.

4. Plaintiffs' claims are barred by limitations. The taking, if any, occurred when the Plaintiffs had reason to know of their injury, which occurred at the same time as the

City's auction, or at the latest, when Plaintiffs were served in the tax sale foreclosure cases. Plaintiffs knew then that they had no ability to redeem the properties and that they would lose title to their properties.

5. Tempest is not a state actor, as is set forth in Tempest's motion to dismiss. Tempest did not receive overt or significant assistance from state officials as part of the process to foreclose the right of redemption. *See* Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899 (6th Cir. 2003).

6. Plaintiffs' losses, if any, were caused by persons, entities and causes other than Tempest.

7. Plaintiff did not suffer any losses. The property was derelict and subject to more than $28,000 in open water liens. Upon information and belief, Plaintiff did not redeem the property because it did not appear to have any equity or value due to the aforesaid.

8. Plaintiff caused its own losses, if any, by failing to pay taxes as and when due, and by failing to redeem the properties when that opportunity was provided.

9. Plaintiff received that to which it was entitled – the surplus proceeds of the City's auction. Freed v. Thomas, 81 F.4th 655 (6th Cir. 2023).

10. Plaintiffs' claims are barred by Md. Tax-Prop. Code Ann. §14-845 as is detailed more fully in Tempest's motion to dismiss.

11. Plaintiffs failed to mitigate their damages. Plaintiffs could have avoided the harm asserted by paying taxes as and when they were due, redeeming the property prior to judgment, or selling the property themselves.

12. Tempest incorporates by reference the defenses and arguments raised in the motions to dismiss and answers filed by each of the Defendants.

13. Tempest reserves the right to assert additional defenses that become apparent during discovery.

WHEREFORE, the Amended Complaint having been fully answered, Tempest requests that it be dismissed and that Tempest be awarded its fees, costs, and such other and further relief as its cause may require.

Respectfully submitted,

McNamee, Hosea, P.A.

*/s/ Aaron D. Neal*
Aaron D. Neal (Bar No. 28566)
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Tel.    301-441-2420
Fax    301-982-9450
aneal@mhlawyers.com

*Attorneys for Tempest LLC*

## Certificate of Service

I hereby certify that on September 4, 2025, the foregoing paper was filed via CM/ECF and thus served electronically upon all counsel of record, to wit:

Lee H. Ogburn, Esq.
Deepak Gupta, Esq.
Jennifer Bennett, Esq.
Robert D. Friedman, Esq.
Elchanan Engel, Esq.
Steven Potter, Esq.

*/s/ Aaron D. Neal*
Aaron D. Neal