IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDMONDSON COMMUNITY ORGANIZATION, INC., *et. al.*, | * |
| | * |
| *Plaintiffs,* | * |
| | * |
| v. | Civil Action No. 1:24-cv-01921-BAH |
| | * |
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et. al.*, | * |
| | * |
| *Defendants.* | * |

**ANSWER TO AMENDED COMPLAINT**

Defendant Mayor and City Counsel of Baltimore (the "City") by its undersigned counsel submits its Answer to Plaintiffs' amended complaint for monetary, injunctive and declaratory relief pursuant to Fed. R. Civ. P. 8(b), (c) and states:

**General Denials of Liability.**

1. The City generally denies liability to Plaintiffs under the theories alleged in the amended complaint's section entitled, "nature of the action." The City complied with all provisions of Maryland law in performing its governmental functions and executing its ministerial duties in the collection of real property taxes through the administration of Title 14 Part III (§§14-808 to 14-863) of the Tax Property Article of the Maryland Code ("Tax Sale Statute"). The Tax Sale Statute provides an in rem proceeding by which the protected property interests of the owner and any other persons having an interest in the real property are extinguished without violating the Takings Clause of the Fifth Amendment to the United States Constitution. The amended complaint mischaracterizes the City's role and actions under the Tax Sale Statute as seizing property to satisfy a debt. In performing its statutory duties under the Tax Sale Statute and its ministerial duties as ordered by the circuit court, the City does not seize,

1

acquire, sell, transfer or convey Plaintiffs' title interests in real property. Exercising in rem jurisdiction over the properties owned by Plaintiffs on which taxes were due and in arrears, the circuit court entered a final judgment that foreclosed each Plaintiff's right of redemption and vested equitable title in the holder of the certificate of sale. The judgment entered by the circuit court directed the City "to execute a deed to the holder of the certificate of sale in fee simple …on payment …of the balance of the purchase price, due on account of the purchase price of the property, together with all taxes and interest and penalties on the property that accrue after the date of sale." Md. Code Ann. TP § 14-847(a)(1)(i). On receiving the required payments, the City was obligated to "execute and deliver a proper deed to the purchaser." Md. Code Ann. TP § 14-818(a)(3). The City did not retain any proceeds in excess of the taxes, interest and penalty owed by Plaintiffs for their failures to pay property taxes when due. The City remitted to Plaintiffs the excess proceeds received from the tax sales. Purchasers of tax sale certificates under the Tax Sale Statute do not "work jointly with the City to take" real property or violate the Takings Clause. No "just compensation" is owed Plaintiffs by the City, or the Co-Defendants, arising from the lawful exercise of state-created remedies and procedures provided in the Tax Sale Statute.

**Specific Admissions and Denials of Liability.**

2. Instruments of writing recorded in land records reflect that the City conveyed a leasehold interest in 2114 Edmondson Avenue to Plaintiff ECO during 1995 for nominal consideration. The remainder of the averments in paragraph 1 are denied.

3. The City lacks knowledge or information sufficient to determine the accuracy of the averments in paragraph 2 and are otherwise denied.

4. Instruments of writing recorded in land records reflect that Plaintiff Anderson held a title interest in 2801 Roslyn Avenue after 2009. The remainder of the averments in paragraph 3 are denied.

5. The averments in paragraph 4 are admitted.

6. The averments in the first sentence of paragraph 5 are admitted, but the remainder are denied.

7. The averment that Defendant Tempest is a limited liability company is admitted, but the remainder of the averments in paragraph 6 are denied.

8. The averment that Defendant ECTA is a limited liability company is admitted, but the remainder of the averments in paragraph 7 are denied.

9. The averments in paragraph 8 are denied.

10. The averments in paragraphs 9-10 are admitted.

11. The averments in paragraphs 11-25 consist of legal conclusions that are incomplete or inaccurate and are otherwise denied.

12. The City denies that the City "take[s] Baltimore residents' property." Md. Code Ann. TP § 14-808(a)(1) imposes a mandatory duty on the City by providing that the City "shall proceed to sell and shall sell under this subtitle… all property …on which the tax is in arrears." The remainder of the averments in paragraph 26 are denied.

13. The averments in paragraphs 27-29 are denied.

14. The Baltimore City Council enacted Ordinance 16-485, which amended Baltimore City Code Article 28, § 8-1, which lowered the interest rate on redemptions from tax sales. The remainder of the averments in paragraph 30 are denied.

15. The averments in paragraph 31 are denied.

16. The City lacks knowledge or information sufficient to form a belief as to the accuracy of the averments in paragraph 32 and are otherwise denied.

17. The City admits the amount bid by each Co-Defendant to purchase the certificate of sale as alleged in paragraph 33, but denies the remainder of the averments contained therein.

18. Property tax, which is imposed on the assessment of the property, is assessed by the Maryland Department of Assessments and Taxation under Md. Code Ann. TP § 8-202, and not by the City. The City denies the averments in paragraph 34.

19. The averments in paragraph 35 are denied.

20. The City lacks knowledge or information sufficient to form a belief as to the accuracy of the averments in paragraph 36 and are otherwise denied.

21. The City admits that it assigned a leasehold interest in 2114 Edmondson Avenue to Plaintiff ECO in 1995, but lacks knowledge or information sufficient to form a belief as to the accuracy of the remainder of the averments in paragraph 37.

22. The City lacks knowledge or information sufficient to form a belief as to the accuracy of the averments in paragraph 38 and are otherwise denied.

23. The City admits that Plaintiff ECO failed to pay 2018 real property taxes owed for 2114 Edmondson Avenue, but denies the remainder of the averments in paragraph 39.

24. The City admits the amount of 2018 property taxes for 2114 Edmondson Avenue that Plaintiff ECO failed to pay and that Co-Defendant Tempest purchased the certificate of sale as alleged. The remainder of the averments in paragraph 40 are denied.

25. The City denies the averments in paragraphs 41-43.

26. The City lacks knowledge or information sufficient to form a belief as to the accuracy of the averments in paragraph 44 and are otherwise denied.

27. The City admits that Co-Defendant Tempest's bid was accepted and that it paid the property tax as alleged, but denies the remainder of the averments in paragraph 45.

28. The City admits the averments in paragraph 46.

29. The City lacks knowledge or information sufficient to form a belief as to the accuracy of the averments in paragraph 47-50 and are otherwise denied.

30. The City denies the averments in paragraphs 51-52.

31. The City lacks knowledge or information sufficient to form a belief as to the accuracy of the averments in paragraph 53 and are otherwise denied.

32. The City denies the averments in paragraphs 54-56.

33. The City admits that Plaintiff Anderson acquired title to 2801 Roslyn Avenue in 2009, but lacks knowledge or information sufficient to form a belief as to the accuracy of the remainder of the averments in paragraphs 57-58 and are otherwise denied.

34. Plaintiff Anderson's property, 2801 Roslyn Avenue, was sold at tax sale on May 19, 2011, May 21, 2012, May 18, 2015, and May 14, 2018. The City admits that Plaintiff Anderson failed to pay property taxes for 2801 Roslyn Avenue for 2020, but lacks knowledge or information sufficient to form a belief as to the accuracy of the remainder of the averments in paragraph 59.

35. The City admits that 2801 Roslyn Avenue was sold at tax sale on July 20, 2020, but lacks knowledge or information sufficient to form a belief as to the accuracy of the remainder of the averments in paragraph 60.

36. The City admits that Co-Defendant East Coast Tax Auction's ("ECTA") bid was accepted, but the remainder of the averments contained in paragraph 61 are denied.

37. The City denies the averments in paragraph 62.

38. The City admits that Plaintiff Anderson submitted the following payments to satisfy unpaid property taxes: November 7, 2022-$2,293.69, November 30, 2022-$2,785.91, February 27, 2023-$2,800.00, March 27, 2023-$1,655.80, October 16, 2023-$2,200.00 and January 2, 2024-$2,155.36. The City credited these tax payments as directed by Plaintiff Anderson. The City denies the remainder of the averments contained in paragraph 63.

39. The City admits Co-Defendant ECTA complied with Maryland law and the City obeyed the Circuit Court's judgment directing the issuance of a new title in fee simple to Co-Defendant ECTA. The City denies the remainder of the averments in paragraph 64.

40. The City denies the averments in paragraphs 65-66.

41. The City lacks knowledge or information sufficient to form a belief as to the accuracy of the averments in paragraph 67-73 and are otherwise denied.

42. To the extent that paragraph 74 of the amended complaint incorporates allegations by reference, the City incorporates its responses to these averments by reference.

43. The City denies the averments in paragraphs 75-87.

44. To the extent that paragraph 88 of the amended complaint incorporates allegations by reference, the City incorporates its responses to these averments by reference.

45. The City denies the averments in paragraphs 89-101.

46. To the extent that paragraph 102 of the amended complaint incorporates allegations by reference, the City incorporates its responses to these averments by reference.

47. The City denies the averments in paragraphs 103-106.

48. To the extent that paragraph 107 of the amended complaint incorporates allegations by reference, the City incorporates its responses to these averments by reference.

49. The averments in paragraphs 108-110 relate to a claim that has been dismissed by this Court, so no response is required. To the extent that a response is required, the averments in paragraphs 108-110 are denied.

## Defenses

1. The amended complaint fails to state a claim on which relief may be granted. Because Plaintiffs accept the judgment foreclosing their rights of redemption and the loss of their interests in real property, their constitutionally protected property interests are extinguished by the Tax Sale Statute, including their asserted interests in "surplus" or "excess" "equity" or "value" in real property.

2. Plaintiffs' claims are barred by the Tax Injunction Act (28 U.S.C. § 1341). Plaintiffs' § 1983 claim that the in rem proceeding provided by Maryland law to extinguish their interests in real property requires the payment of damages for violation of the Takings Clause is intrusive and threatens to disrupt the collection of state and local property taxes. The prerequisite for Plaintiffs' recovery of just compensation is a judicial decision that Title 14 Part III (§§14-808 to 14-863) of the Tax Property Article of the Maryland Code violates Plaintiffs' constitutional rights under the Takings Clause. This Court lacks jurisdiction over Plaintiffs' claims for injunctive and declaratory relief as asserted in the amended complaint.

3. The *Rooker-Feldman* doctrine bars the § 1983 claim asserted in the amended complaint that the judgment entered by the circuit court in the in rem tax sale proceedings is a taking of private property in violation of the Takings Clause. The claims in the amended complaint are inextricably intertwined with the circuit court's entry of judgment foreclosing the right of redemption that extinguished Plaintiffs' protected interests in equity or value of real property without the payment of just compensation.

4. Plaintiffs' claims are barred by the statute of limitations. Plaintiffs' claims accrued when the circuit court entered judgment foreclosing their rights of redemption. At that time, Plaintiffs were divested of the right to redeem the property by paying the taxes, all property interests were extinguished and equitable title to the property vested in the holder of the certificate of sale.

5. Co-Defendants Tempest and ECTA have not engaged in state action and are not state actors as purchasers of real property sold at tax sale. As private parties, Co-Defendants' mere use of state-created statutory remedies and procedures does not amount to state action.

   WHEREFORE, Defendant Mayor and City Council of Baltimore requests that judgment be entered in the City's favor on all counts with a declaration that tax sales and proceedings under Title 14 Part III (§§14-808 to 14-863) of the Tax Property Article of the Maryland Code do not violate the Takings Clause, Plaintiffs do not retain a constitutionally protected interest in private property after entry of the judgment by the circuit court foreclosing the right of redemption and no award of just compensation is owed to Plaintiffs by the City.

                                    Respectfully submitted,

                                    /s/ Steven J. Potter
                                    Steven J. Potter
                                    Fed. Bar no. 08841
                                    Baltimore City Department of Law
                                    100 N. Holiday Street, First Floor
                                    Baltimore, Maryland 21202
                                    p:410-396-3945
                                    f: 410-547-1025
                                    M:410-493-3006
                                    steven.potter@baltimorecity.gov

                                    Counsel for Mayor and City Council of
                                    Baltimore, Defendant

Date: September 18, 2025

Certificate of Service

    I hereby certify that on September 18, 2025, a copy of the foregoing answer to amended complaint was served on all counsel of record via the CM/ECF system. A copy will be served on the Maryland Attorney General in accordance with Fed. Rule of Civil Pro. 5.1.

                                            /s/Steven J. Potter
                                            Steven J. Potter