

ELLIOTT ENGEL
Partner

667.217.5150
ee@bbelaw.com
1777 Reisterstown Rd, Suite 265 E
Baltimore, MD 21208

October 13, 2025

**VIA ECF ONLY**

The Honorable Brendan A. Hurson
101 West Lombard Street
Chambers 3D
Baltimore, MD 21201

      Re:    **Letter Motion to Stay or, in the Alternative, for Leave to File an Interlocutory Appeal**
               *Edmondson Community Organization, Inc, et al. v. Mayor and City Council of Baltimore, et al.*, Civil Action No. 1:24-cv-01921-BAH

Dear Judge Hurson:

We write on behalf of Defendants, East Coast Tax Auction LLC ("**ECTA**") and Tempest, LLC ("**Tempest**"), to request a stay of the above-referenced action. Alternatively, ECTA and Tempest seek leave to file an interlocutory appeal regarding three controlling legal issues: (1) whether the Maryland tax sale process involves the sale of the property or merely the tax lien; (2) whether ECTA and Tempest functioned as state actors under 42 U.S.C. § 1983; and (3) whether res judicata bars Plaintiffs' claims alleging that they did not receive just compensation for their properties.

      **I.**    **This Court Should Stay the Proceedings Pending the Supreme Court's Decision in No. 25-95,** *Pung v. Isabella County*

Very recently, on October 3, 2025, the Supreme Court granted certiorari in No. 25-95, *Pung v. Isabella County*. In *Pung*, the Isabella County Treasurer instituted tax foreclosure proceedings against the Pung Estate's property. The Michigan Court of Appeals upheld the foreclosure against a due process challenge by Pung. *In re Isabella County Treasurer*, No. 329858, 2017 WL 1393854, at *4 (Mich. Ct. App. April 18, 2017).

Then, Pung commenced litigation in the United States District Court for the Western District of Michigan alleging, *inter alia*, that the Pung Estate was entitled to just compensation for

its property under the Fifth Amendment. *Pung v. County of Isabella*, 632 F. Supp. 3d 743, 744 (E.D. Mich. 2022). After the case was transferred to the Eastern District, the court entered final judgment in favor of Pung, but expressly rejected the argument that he should receive "the fair market value of the property." *Id.* at 752.

Pung appealed to the United States Court of Appeals for the Sixth Circuit, and the Sixth Circuit similarly rejected Pung's argument that compensation under the Fifth Amendment should be measured by the fair market value of the Pung Estate's former property. *Pung v. Kopke*, Nos. 22-1919/1939, 2025 WL 318222, at *4 (6th Cir. Jan. 28, 2025).

Pung filed a Petition for a Writ of Certiorari, which the Supreme Court granted. One of the questions presented is whether the Fifth Amendment requires that compensation in the context of tax foreclosure be determined by the "fair market value" of the foreclosed real estate, rather than the foreclosure sale proceeds actually obtained.

The Supreme Court's decision in *Pung* will likely resolve whether compensation in the context of a tax foreclosure is determined by the fair market value of the property or the sale proceeds actually obtained. The answer to this question will have a direct and dispositive impact on Plaintiffs' argument that they did not receive just compensation for sale of their properties. Accordingly, ECTA and Tempest respectfully request that the Court stay the proceedings pending the Supreme Court's decision in No. 25-95, *Pung v. Isabella County* for reasons of judicial economy and efficiency. *See Turner Construction Co. v. Western Surety Co.*, No. RDB-22-888, 2022 WL 2209104, at *1 (D. Md. June 21, 2022) ("Courts possess the inherent power to stay an action to ensure the efficient management of their dockets.") (internal quotations omitted).

## II.   Alternatively, this Court Should Grant ECTA and Tempest Leave to File an Interlocutory Appeal

If the Court declines to stay the proceedings pending the Supreme Court's decision in No. 25-95, *Pung v. Isabella County*, ECTA and Tempest seek leave to file an interlocutory appeal regarding three controlling legal issues: (1) whether the Maryland tax sale process involves the sale of the property or merely the tax lien; (2) whether ECTA and Tempest functioned as state actors under 42 U.S.C. § 1983; and (3) whether res judicata bars Plaintiffs' claims alleging that they did not receive just compensation for their properties.

Section 1292 of 28 U.S.C. "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *United States ex rel. Schnupp v. Blair Pharmacy*, No. ELH-17-2335, 2025 WL 1331906, at *10 (D. Md. May 7, 2025) (internal quotations omitted). "[A] trial judge may certify an interlocutory order for appeal if the party seeking the appeal shows that (1) the desired appeal

involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (internal quotations omitted). "The party moving for certification of an interlocutory order bears the burden of proving that the prospective appeal satisfies each of the statutory prerequisites for certification." *Id.* at *11 (internal quotations omitted).

1. <u>Whether the Maryland Tax Sale Process Involves the Sale of the Tax Lien Rather than the Sale of the Property</u>

First, ECTA and Tempest seek leave to file an interlocutory appeal regarding whether the Maryland tax sale process involves the sale of the property or merely the tax lien. This first requirement set forth in 28 U.S.C. § 1292(b) is whether the appeal involves a controlling question of law. 28 U.S.C. § 1292(b). The Fourth Circuit defines a controlling question of law as "a pure question of law, that is, an abstract legal issue that the court of appeals can decide quickly and cleanly." *United States ex rel. Schnupp*, 2025 WL 1331906, at *11 (internal quotations omitted). Clearly, whether the Maryland tax sale process involves the sale of the property or merely the tax lien is an abstract legal issue that can be resolved quickly and cleanly.

Next, this question satisfies the second requirement of § 1292(b) because "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Indeed, this Court recognized that Plaintiffs' underlying theory of the case – that the Maryland tax sale scheme measures just compensation based on the value of the lien on the property, rather than the property itself – "appears to be a matter of first impression." *Edmondson Community Organization, Inc. v. Mayor and City Council of Baltimore*, No. 24-1921-BAH, 2025 WL 2430345, at *4 (D. Md. Aug. 22, 2025). Of course, a matter of first impression leaves "substantial ground for difference of opinion," and satisfies the second criterion under 28 U.S.C. § 1292(b).

Finally, in answering the third requirement for certification, "a district court should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *United States ex rel. Schnupp*, 2025 WL 1331906, at *13 (internal quotations omitted). The resolution of this question would certainly eliminate a trial and discovery. Respectfully, the Court should certify this question to permit interlocutory appeal because it clearly satisfies each of the three criteria of § 1292(b).

2. <u>Whether ECTA and Tempest Functioned as State Actors under 42 U.S.C. § 1983</u>

Second, ECTA and Tempest seek leave to file an interlocutory appeal regarding whether ECTA and Tempest functioned as state actors under 42 U.S.C. § 1983. This question satisfies the

first criterion of § 1292(b) because it presents a pure question of law that the Fourth Circuit Court of Appeals can quickly resolve without factual assessment.

Next, this question satisfies the second criterion of § 1292(b) because there is a "substantial ground for difference of opinion." Although this Court concluded that Plaintiffs plausibly alleged that Defendants ECTA and Tempest, LLC functioned as state actors under 42 U.S.C. § 1983, the Court acknowledged that the Sixth Circuit recently concluded that a tax sale purchaser does not function as a state actor under § 1983. Specifically, this Court explicitly recognized that "the opinion in *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902-03 (6th Cir. 2003) does give this Court pause." *Id.* at *15. Ultimately, this Court concluded that it was not "convinced" that *Wittstock* was distinguishable from this case. *Id.* at *16. The Court's discussion of this legal question clearly demonstrates that "there is substantial ground for difference of opinion" regarding whether a tax sale purchaser functions as a state actor. 28 U.S.C. § 1292(b). Accordingly, this question satisfies the second criterion under § 1292(b).

Finally, this question satisfies the third criterion of § 1292(b) because if the Fourth Circuit concludes that ECTA did not function as a state actor, it will foreclose Plaintiffs' § 1983 claims against ECTA and Tempest and avoid expensive discovery and the need for a trial. Therefore, ECTA and Tempest respectfully request that the Court certify whether ECTA and Tempest functioned as state actors under 42 U.S.C. § 1983 for interlocutory appeal.

   3. <u>Whether Res Judicata Bars Plaintiffs from Filing the Instant Action</u>

Third, ECTA and Tempest seek leave to file an interlocutory appeal regarding whether res judicata bars Plaintiffs' claims in this case. This issue satisfies the first criterion of § 1292(b) because whether Plaintiffs' claims are barred by res judicata presents a pure question of law that the Fourth Circuit Court of Appeals can resolve without engaging in a factual assessment.

This question also satisfies the second criterion of § 1292(b) because "there is substantial ground for difference of opinion" on this question even within the District of Maryland. 28 U.S.C. § 1292(b). Specifically, in *Ortiz v. Prince George's County*, No. 8:21-CV-1169-AAQ, 2025 WL 315963, at *8 (D. Md. Jan. 27, 2026), the Court concluded that res judicata barred the plaintiff's claim that the Maryland tax sale scheme resulted in the taking of his property without just compensation because the plaintiff should have raised his claim in the state foreclosure action. On the other hand, in this case, the Court concluded that res judicata did not bar Plaintiffs' claims because they could not have raised their claims in the state foreclosure actions. Of course, two cases reaching exact opposite conclusions within the same district presents "substantial ground for difference of opinion," and satisfies the second criterion of § 1292(b).

Finally, this question satisfies the third criterion of § 1292(b) because if res judicata bars Plaintiffs' claims, it would avoid the need for a trial and save enormous expenses in discovery. Accordingly, this controlling legal question satisfies all three criteria under § 1292(b), and ECTA and Tempest respectfully request that the Court certify whether res judicata bars Plaintiffs' claims for interlocutory appeal.

In conclusion, ECTA and Tempest respectfully request that the Court stay this case pending the Supreme Court's decision in No. 25-95, *Pung v. Isabella County* or, in the alternative, grant ECTA and Tempest leave to file an interlocutory appeal regarding the above three controlling legal issues.

We are available at the Court's convenience, should the Court have any questions regarding this matter.

Respectfully,

/s/ *Elliott Engel*　　　　　　　　　/s/ *Aaron Neal*

Elliott Engel　　　　　　　　　　　Aaron Neal


cc: All counsel (via ECF)