IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDMONDSON COMMUNITY ORGANIZATION, Inc. and BONITA ANDERSON,<br><br>       *Plaintiffs*,<br><br>  v.<br><br>MAYOR AND CITY COUNCIL OF BALTIMORE, et al.,<br><br>       *Defendants*. | **Civil Action No. 1:24-cv-01921-BAH** |

**PLAINTIFFS' OPPOSITION TO BALTIMORE CITY'S MOTION TO STAY PROCEEDINGS AND FOR AN ORDER CERTIFYING QUESTIONS OF LAW TO THE SUPREME COURT OF MARYLAND**

**TABLE OF CONTENTS**

Introduction ........................................................................................................................... 1

Argument .............................................................................................................................. 1

    I.       The City has failed to carry its burden to demonstrate that a stay is warranted ................................................................................................................ 1

    II.      The Court should reject the City's belated request to certify questions to the Maryland Supreme Court. ................................................................................... 2

Conclusion ............................................................................................................................ 5

**INTRODUCTION**

The Court should deny the City's motion to stay and to certify questions to the Maryland Supreme Court. First, the City makes no argument to support its request for a stay; silence cannot carry the City's burden. And in any case, the request would fail for the same reasons that East Coast and Tempest's motion for stay should be denied. Second, the City's plea to certify six questions to the Maryland Supreme Court fails for both procedural and substantive reasons. Procedurally, the City's request is untimely. Courts routinely deny motions for certification, like the City's here, made only after the requesting party receives an adverse ruling. On the substance, none of the City's six questions offer what is required for certification: an issue of state law that will be determinative in the federal litigation. Instead, the City's questions all seek to resolve one of two issues: (1) an issue of state law that *Tyler v. Hennepin County* held cannot be dispositive of a federal takings claim, *see* 598 U.S. 631, 638–42 (2023), i.e., whether Maryland recognizes a property right in surplus equity, or (2) a question that is patently one of federal, not Maryland, law, i.e., whether Maryland's statutory surplus right affords "just compensation." That is insufficient to warrant certification.

**ARGUMENT**

**I.     The City has failed to carry its burden to demonstrate that a stay is warranted.**

The City offers no argument in support of its request to stay these proceedings. But as ECO and Ms. Anderson explained in their opposition to East Coast and Tempest's stay motion—filed prior to the City's motion—the party seeking a stay bears a "substantial" burden to establish that a stay is justified. *See Sierra Club v. Nat'l Marine Fisheries Serv.*, 711 F. Supp. 3d 522, 532 (D. Md. 2024). To the extent that the City means to incorporate by reference East Coast and Tempest's flawed arguments, they fail for the same reason. *See* ECF 69 at 1–5.

1

**II.    The Court should reject the City's belated request to certify questions to the Maryland Supreme Court.**

There is also no basis to certify any questions to the Maryland Supreme Court. The City's motion is untimely, and the questions it raises would not warrant certification even had there been a timely request.

**1.** The City's motion, made only after the City lost its motion to dismiss, comes too late. "It is well established that the decision to certify a question to the Supreme Court of Maryland is not obligatory and rests in the sound discretion of the federal court." *Aarow Elec. Sols. v. Tricore Sys., LLC*, 693 F. Supp. 3d 525, 534–35 (D. Md. 2023). Courts routinely exercise that discretion to deny certification when a party seeks it only after losing a motion. *See, e.g.*, *Hanley v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 4644643, at *4 (D. Md. 2024) (explaining that certification sought through a Rule 59 motion is "disfavored," denying motion, and collecting cases); *Kuklenski v. Medtronic USA, Inc.*, 2024 WL 165248, at *2 (D. Minn. 2024); *Degidio v. Crazy Horse Saloon & Rest., Inc.*, 2016 WL 11521680, at *2 (D.S.C. 2016). Instead, when a party seeks certification after the court has "issued a decision," courts apply a "presumption against certifying a question to a state supreme court." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (affirming denial of a certification request made through a motion for reconsideration). Courts have recognized that presumption as necessary to "discourage[]" the tactic that the City employs here; "[o]therwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision." *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 210 (8th Cir. 1987); *cf. also Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 100–01 (4th Cir. 2016) (explaining that these same considerations warrant denying certification requests made for the first time on appeal).

2

This Court should therefore join the many other courts that have refused to "allow[] parties to exploit certification as a de facto reconsideration or appeal." *Wilson v. Playtika Ltd.*, 2020 WL 2512905, at *1 (W.D. Wash. 2020).

**2.** Even apart from the procedural defect in the City's motion, the questions it seeks to certify do not meet the standards for certification. To warrant certification, a question must present an issue of state law that may be "determinative" in the federal litigation, Md. Code Ann., Cts. & Jud. Proc. § 12-603, and the court must be incapable of issuing a "reasoned and principled" decision in the absence of certification, *see, e.g.*, *Altenburg v. Caliber Home Loans, Inc.*, 2017 WL 2733803, at *4 (D. Md. 2017). The City's questions fail to satisfy these criteria.

***First***, none of the City's questions presents a state-law issue that could be "determinative" of anything in this litigation. Although the City's motion proposes six different questions, the City does not identify six separate issues in this case that they will resolve. Instead, the City appears to be offering six different ways to ask the Maryland Supreme Court to resolve two different issues—neither of which presents a decisive question of state law.

The primary issue that the City wants answered is whether Maryland law affords ECO and Ms. Anderson "compensable private property rights in 'surplus equity' or 'excess value' in real property." *See* ECF 70 at 3.[1] But the United States Supreme Court has already held that the answer

---

[1] The City repeats the purported need for resolution of this issue on nearly every page of its argument. *See, e.g.*, ECF 70 at 3 (asserting the need for a "judicial ruling" to determine if the plaintiffs have a "cognizable Fifth Amendment property interest"); ECF 70 at 4 (restating the need for a "[r]esolution of whether Plaintiffs hold compensable property rights to 'surplus equity' or 'excess value'"); ECF 70 at 5 (contending that the "Supreme Court of Maryland's answer to whether each Plaintiff holds compensable private property interests in 'surplus equity' or 'excess value' in real property" will be determinative); ECF 70 at 6 (faulting the plaintiffs for "assum[ing] they have interests in private property" in this case); ECF 70 at 9 (urging this Court not to "delay[] the [Maryland] Supreme Court's determination of whether Plaintiffs hold compensable private property interests in 'surplus equity' or 'excess value' of property"); ECF 70 at 10 ("Existing

3

to that question is *not* determinative of a federal takings claim. In *Tyler*, Minnesota law denied property owners any state-law property right in surplus equity. *See* 598 U.S. at 638–39. But the Supreme Court held that the Constitution protects property owners' rights to surplus equity even when state law attempts to strip them away. *Id.* at 639–45. So even if Maryland law does not provide ECO and Ms. Anderson with a right to the surplus equity in their properties, the federal constitution still does. Thus, asking the Maryland Supreme Court to decide whether Maryland law provides that right will not be "determinative" of anything in this case.

The other issue that the City claims that its questions (or some unidentified subset of them) will answer is whether the surplus provided under Maryland law "provide[s] just compensation for the interests extinguished by Maryland's tax sale process." ECF 70 at 10; *see also* ECF 70 at 7–8 (asserting that whether the auction "values the real property is a question of Maryland law"). But whether property has been "taken without just compensation" is decidedly "a question of federal law" for which federal courts "owe no deference to state courts." *Vandevere v. Lloyd*, 644 F.3d 957, 963–64 (9th Cir. 2011). Federal courts do not certify federal issues to state supreme courts. *See Thompson*, 547 F.3d at 1065. Indeed, the Supreme Court of Maryland is empowered to answer only a "question of law *of this State*." Md. Rule 8-305(b) (emphasis added); *see also* Md. Code Ann., Cts. & Jud. Proc. § 12-603 (permitting certification only when "there is no controlling appellate decision, constitutional provision, or statute *of this State*" (emphasis added)).

**Second**, in addition to failing to demonstrate that its questions present decisive issues of state law, the City cannot show that this Court is unable to issue a "reasoned and principled" decision in this case in the absence of certification. Indeed, because the City waited to move for

---

Maryland legal authority does not permit this Court to make a reasoned and principled decision that Plaintiffs have private property rights to 'surplus equity' or 'excess value' of real property.").

4

certification until after this Court ruled on the motions to dismiss, this Court already has. The City has not attempted to show (and could not if it tried) why this Court's opinion was unreasoned or unprincipled.

## CONCLUSION

For the foregoing reasons, the Court should deny the City's motion.

Dated: October 31, 2025

Respectfully submitted,

*/s/ Robert D. Friedman*
ROBERT D. FRIEDMAN*
DEEPAK GUPTA*
GUPTA WESSLER LLP
2001 K Street NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
robert@guptawessler.com

JENNIFER BENNETT*
GUPTA WESSLER LLP
505 Montgomery Street
Suite 625
San Francisco, CA 94111
(415) 573-0336

LEE H. OGBURN (MD Bar 00018)
Maryland Legal Aid
500 E. Lexington Street
Baltimore, Maryland 21202
(410) 951-7777
logburn@mdlab.com

*Counsel for Plaintiffs*

* Admitted pro hac vice

5