**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| EDMONDSON COMMUNITY ORGANIZATION, INC., *et. al.,* | * | |
| | * | |
| *Plaintiffs,* | | |
| | * | |
| v. | | Civil Action No. 1:24-cv-01921-BAH |
| | * | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et. al.,* | * | |
| | | |
| *Defendants.* | * | |

**BALTIMORE CITY'S REPLY TO PLAINTIFFS' OPPOSITION TO THE
MOTION TO STAY PROCEEDINGS AND FOR ORDER CERTIFYING
QUESTIONS OF LAW TO THE SUPREME COURT OF MARYLAND**

Defendant Mayor and City Counsel of Baltimore (the "City") by its undersigned

counsel submits this reply to the opposition to the motion to stay proceedings and for an

order certifying questions of law to the Supreme Court of Maryland filed by Plaintiffs

Edmondson Community Organization, Inc. ("ECO") and Bonita Anderson ("Ms.

Anderson") (collectively "Plaintiffs").

**INTRODUCTION**

Answers to questions of Maryland law by the Supreme Court of Maryland is

necessary and important to the City as local government collecting property taxes for

itself and the State of Maryland in the manner expressly required under Maryland law.

Exercising the power of taxation and defining property interests, especially interests in

real property, are core sovereign powers of the State of Maryland and its subdivisions

including the City. The ultimate decision in this case will have a significant impact on

1

how these core powers are exercised in Maryland, including the City, and how the City can maintain sufficient tax revenues to provide essential public services.

**ARGUMENT**

**I.      The City joins the Co-Defendants' motion to stay proceedings.**

The City adopts and incorporates the issues raised and the arguments made by Co-Defendants East Coast Tax Auction, LLC and Tempest, LLC in support of their motion to stay the proceedings pending the decision of the United States Supreme Court in the matter docketed as, *Pung v. Isabella County, Michigan*, No. 25-95 (October Term 2025), which presents the question of whether the former owner of tax-foreclosed property is entitled to the fair market value of the interest extinguished by the tax sale foreclosure, or retains a property interest only in the surplus proceeds produced by the tax-foreclosure sale under Michigan common law.

In balancing the parties' competing interests, the City and the public will suffer "hardship or inequity in being required to go forward" without a decision in the *Pung, supra.* case or without answers from the Supreme Court of Maryland. *Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936). The novel issues raised by Plaintiffs, including their assertion of property interests that have not been recognized under Maryland law, will disrupt the City's collection of property taxes and the stream of revenues on which it depends to provide essential services to the public.

The City's collection of property taxes through Maryland's tax sale system is a product of Maryland law with which the City must comply. *See Vournas v. Montgomery Cnty*., 53 Md. App. 243, 255 (1982) ("the taxing authority is limited to collecting the tax

according to that scheme"), *aff'd*, 300 Md. 123 (1984). A ruling, even if temporary, that

property tax collection creates eminent domain liability, will impact funding for public

services.

**II.    The City's motion to certify questions of law to the Supreme Court of Maryland is both timely and warranted.**

A.  The City's motion to certify questions of law is timely.

Plaintiffs' claims of lack of diligence are misplaced when this Court's order

denying the City's Rule 12 (b)(6) motion to dismiss the amended complaint is not a final

decision. *See Atkinson v. Godfrey*, 100 F.4th 498, 503 (4th Cir. 2024) ("the denial of a

motion to dismiss does not constitute a 'final decision'"). The denial of the motion is not

a decision of the merits when the order is not "final." *See Porter v. Zook*, 803 F.3d 694,

696 (4th Cir. 2015) ("a district court order is not 'final' until it has resolved all claims as

to all parties").

The City's motion to certify questions of law, at this preliminary stage of the

proceedings, is timely. This Court has certified questions of Maryland law to the Supreme

Court of Maryland after the parties engaged in discovery and the court granted class

certification under Fed. Rule of Civil Pro. 23. *See, e.g., Martinez v. Amazon.com Servs.

LLC*, No. CV 22-00502-BAH, 2024 WL 4817214, at *16 (D. Md. Nov. 18, 2024),

*certified question answered*, 491 Md. 38 (2025).

B.  The motion to certify seeks answers to questions of Maryland law that may be determinative in these proceedings.

Plaintiffs fail to apply the correct statutory standard for certification of questions

of law to the Supreme Court of Maryland. Certification is appropriate "if the answer may

be determinative of an issue in pending litigation in the certifying court." Md. Code Ann.

CJ § 12-603. This case "presents novel issues of state law peculiarly calling for the

exercise of judgment by the state courts." *McKesson v. Doe*, 592 U.S. 1, 5 (2020). This

Court observed that, "Plaintiffs' underlying theory of the case appears to be a matter of

first impression." *Edmondson Cmty. Org., Inc. v. Mayor & City Council of Baltimore*, No.

CV 24-1921-BAH, 2025 WL 2430345, at *4 (D. Md. Aug. 22, 2025). The issues raised in

this case have broad significance to all owners of real property in the City who pay

property taxes as well as the City's citizens who rely on public services funded by

property tax revenues. *See Jones v. Flowers*, 547 U.S. 220, 234 (2006) ("People must pay

their taxes, and the government may hold citizens accountable for tax delinquency...");

*Miller Bros. Co. v. State of Md.*, 347 U.S. 340, 345 (1954)(recognizing "a duty to pay

taxes, and their nature and measure is largely a political matter").

   Certification is appropriate because "there is no controlling appellate decision,

constitutional provision, or statute of this State." CJ § 12-603. The issues presented for

certification by the City were not resolved by the decision in *Tyler v. Hennepin Cnty.,*

*Minnesota*, 598 U.S. 631 (2023). The United States Supreme Court granted the petition

for certiorari in *Pung, supra.* to answer questions, including whether the former owner of

tax-foreclosed real property is entitled to recover the market value of the property after

tax foreclosure under Mich. Comp. Laws § 211.78a et seq. or just the surplus proceeds

produced by the tax sale.

   Certification to the Supreme Court of Maryland is appropriate to address "novel or

unsettled questions of state law." *Arizonans for Official English v. Arizona*, 520 U.S. 43,

77 (1997). Plaintiffs claim compensation for private property interests in real property without holding any legal or equitable title to that real property. Protected property interests are usually based on the "existing property interests 'that stem from an independent source such as state law.'" *Brady v. City of Myrtle Beach*, 137 F.4th 233, 238 (4th Cir. 2025) (quoting *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998)); *see Moore v. Harper*, 600 U.S. 1, 34–35 (2023) ("State law is one important source for defining property rights.").

While Plaintiffs decline to identify any common law or historical sources for their asserted private property interests, Maryland tax sale law does not reflect any recent manipulation or abrogation of property interests recognized at common law. "For more than a century, we have recognized that the issuance of a tax deed to a grantee after a tax sale and a proceeding to foreclose the property owner's right of redemption creates a new and complete title in land, under an independent grant from the sovereign taxing authority." *Mayor & City Council of Baltimore v. Thornton Mellon, LLC*, 478 Md. 396, 437 (2022). In defining the property interests created by a tax deed, Maryland relies on long-standing Supreme Court precedent. *See Hefner v. Nw. Mut. Life Ins. Co.*, 123 U.S. 747, 751 (1887) ("the tax deed … bars or extinguishes all prior titles and incumbrances of private persons, and all equities arising out of them.").

As to whether Plaintiffs have private property interests protected by the Takings Clause in the title to land after the issuance of the tax deed, the Supreme Court of Maryland "is best equipped to decide this question of law, especially given that state courts, rather than federal courts, have handled this question as a matter of first

impression in other jurisdictions." *Martinez*, 2024 WL 4817214, at *16; *see Arkansas Game & Fish Comm'n v. United States*, 568 U.S. 23, 38 (2012) ("The determination whether a taking has occurred…[is] a matter often informed by the law in force in the State in which the property is located.").

Although the City remitted the surplus proceeds produced by the tax sale foreclosures to Plaintiffs pursuant to Md. Code Ann. TP § 14-818(a)(4)(i), Plaintiffs claim that *Tyler, supra.* grants them "a right to the surplus equity in their properties." ECF 71 at 6. The City disagrees with this legal conclusion. In *Tyler,* the court reviewed Minn Stat § 282.08, which provided that if the county sells a foreclosed property, "any proceeds in excess of the tax debt and the costs of the sale [to] remain with the County." *Tyler,* 598 U.S. at 635. The court held that the "money remaining after Tyler's home was seized and sold by the County to satisfy her past due taxes …[was] property under the Takings Clause, protected from uncompensated appropriation by the State." *Id.* at 638.

The meaning of Md. Code Ann. TP § 14-818(a)(4)(i), which provides that, "Any balance over the amount required for the payment of taxes, interest, penalties, and costs of sale shall be paid by the collector to the person entitled to the balance" is a question of Maryland law for the Supreme Court of Maryland. *See Grimmett v. Freeman,* 59 F.4th 689, 693 (4th Cir. 2023) ("state—not federal—courts have the last word about what state law means").

In *dicta*, the court in *Tyler,* found a taking occurred under Minnesota law when "absolute title vests in the State" pursuant to Minn. Stat. Ann. § 281.18. *Tyler*, 598 U.S. at 635. Requiring payment of just compensation when the government "actually takes title"

6

to real property is well-recognized under Maryland law. *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 522 (1992) ("Where the government … actually takes title[], the Takings Clause generally requires compensation."). Plaintiffs allege that the Co-Defendants, not the City, took title to their real properties.

To collect property tax, the City is constitutionally permitted to "sell property, including land, to recover the amount owed." *Tyler*, 598 U.S. at 637–38. Under Maryland law, the City's tax collector must <u>sell the property</u> when a property owner fails to pay property taxes. *See* Md. Code Ann. TP § 14-808(a)(1). Plaintiffs dispute the content of this Maryland statutory provision by claiming that the City <u>auctions tax liens</u>. This legal issue, not dependent on discovery, is appropriate for certification to the Supreme Court of Maryland.

**CONCLUSION**

WHEREFORE, Defendant Mayor and City Council of Baltimore requests that the motion to stay proceedings and for an order certifying questions of law to the Supreme Court of Maryland be granted.

7

Respectfully submitted,

/s/ Steven J. Potter
Steven J. Potter
Fed. Bar no. 08841
Baltimore City Department of Law
City Hall
100 N. Holiday Street, First Floor
Baltimore, Maryland 21202
p:410-396-3945
f: 410-547-1025
M:410-493-3006
steven.potter@baltimorecity.gov
Counsel for Mayor and City Council of
Baltimore, Defendant

Date: November 14, 2025

## Certificate of Service

I hereby certify that on November 14, 2025, a copy of the foregoing reply was served on all counsel of record via the CM/ECF system. A copy will be served on the Maryland Attorney General in accordance with Fed. Rule of Civil Pro. 5.1.

/s/Steven J. Potter
Steven J. Potter