IN THE UNITED STATES DISTRIC COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDMONDSON COMMUNITY ORGANIZATION, INC., et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>MAYOR AND CITY COUNCIL OF BALTIMORE, et al.<br><br>*Defendants*. | **Civil Action No. 1:24-cv-01921-BAH** |

JOINT MOTION FOR STAY

Edmondson Community Organization, Inc. and Bonita Anderson, Plaintiffs, and the Mayor and City Council of Baltimore jointly move the Court to stay this case for two years from the date of this motion. In support of this joint motion, Baltimore City and the Plaintiffs state:

1.      Each of the Defendants has previously moved the Court to stay the case, and for other relief, on the ground that a stay is in the interest of judicial economy given the pendency of issues bearing on this case before the United States Supreme Court in *Pung v. Isabella County,* Case No. 25-95. (ECF 64, 70). Those motions are pending. Plaintiffs have opposed those motions. (ECF 71).

1

2. In a recent development, Baltimore City has decided to implement payment plans and to establish assessed-value minimum bids in the City's property tax sale for the next two years. In addition, the City has agreed, subject to Board of Estimates approval, to pay Ms. Anderson and the Edmondson Community Organization each a sum of money and to provide Edmondson Community Organization, Inc. with a building to serve as its new community center. In consideration of all of those developments, Plaintiffs have agreed to join this motion to stay.

3. The City and Plaintiffs expect the City's revised approach to the property tax sale in 2026 and 2027 will succeed, satisfy any tax-sale standard established by the United State Supreme Court in *Pung v. Isabella County*, become the City's long-term approach to property tax sales, and establish a bellwether for property tax sales across Maryland post-*Pung*. In that event, a final resolution of this case is likely and resumption of the litigation may be unnecessary.

4. Under these circumstances, staying this case will serve judicial economy and conserve assets the parties will otherwise be required to spend on potentially unnecessary litigation.

5. Pursuant to Local Rule 105.9, Baltimore City and the Plaintiffs gave notice that they would file this motion to counsel for Tempest LLC and East Coast Tax Auction, LLC on January 26, 2026, and sought those parties' consent to the motion. Baltimore City and the Plaintiffs have received no response to that notice and request for consent.

For the reasons stated in this motion and in the attached memorandum, Baltimore City and the Plaintiffs respectfully request the Court to stay this case for a period of two years from the date of the motion.

| | |
|---|---|
| _____/s/_____ <br> Steven J. Potter 08841 <br> (signed by Lee Ogburn with permission of Steven J. Potter) <br> Baltimore City Department of Law <br> 100 N. Holiday Street <br> Baltimore. Maryland 21202 <br> p:410-396-3945 <br> f: 410-547-1025 <br> steven.potter@baltimorecity.com <br> Counsel for Mayor and City Council of Baltimore | _____/s/_____ <br> Lee H. Ogburn 0118 <br> Maryland Legal Aid <br> 500 E. Lexington Street <br> Baltimore, Maryland 21202 <br> t: 410-951-7777 <br> f:410-951-7768 <br> logburn@mdlab.org <br> <br> Robert D. Friedman <br> Gupta Wessler LLP <br> 2001 K Street, NW <br> Suite 850 North <br> Washington, DC 20006 <br> t: (202) 888-1741 <br> f: (202) 888-7792 <br> robert@guptawessler.com <br> Counsel for Edmondson Community Organization and Bonita Anderson |